```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :    SUPERSEDING INDICTMENT

       - v. -                       :    S1 07 Cr. 630

ALON MAKHLUF,                       :
     a/k/a "Yigal Makhluf,"
     a/k/a "Allen Makhluf,"         :
     a/k/a "Yigal Makhulf,"
     a/k/a "Alon Makhulf,"          :
     a/k/a "Allen Makhulf,"
                                    :
            Defendant.
                                    :
- - - - - - - - - - - - - - - - - - - -X
```

[stamp: USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ____ DATE FILED: JAN 14 2007]

COUNT ONE

The Grand Jury charges:

1.   From at least in or about November 2006, up to and including in or about December 2007, in Bangkok, Thailand, and elsewhere, ALON MAKHLUF, a/k/a "Yigal Makhluf," a/k/a "Allen Makhluf," a/k/a "Yigal Makhulf," a/k/a "Alon Makhulf," a/k/a "Allen Makhulf," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of said conspiracy that ALON MAKHLUF, a/k/a "Yigal Makhluf," a/k/a "Allen Makhluf," a/k/a "Yigal Makhulf," a/k/a "Alon Makhulf," a/k/a "Allen Makhulf," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, 3,4-Methylenedioxy-methamphetamine (commonly known as "MDMA" or "Ecstasy"),

intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Sections 959, 960(a)(3) and 960(b)(3) of Title 21, United States Code.

## OVERT ACTS

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

a. On or about November 30, 2006, in Bangkok, Thailand, ALON MAKHLUF, a/k/a "Yigal Makhluf," a/k/a "Allen Makhluf," a/k/a "Yigal Makhulf," a/k/a "Alon Makhulf," a/k/a "Allen Makhulf," the defendant, and other co-conspirators not named as defendants herein distributed approximately 290 MDMA tablets to a Special Agent of the Drug Enforcement Administration working in an undercover capacity (the "UC").

b. On or about June 29, 2007, MAKHLUF met with the UC in Bangkok, Thailand, and discussed the sale of 20,000 MDMA tablets to the UC, including that it was the UC's purported intent to smuggle those tablets into New York City.

c. On or about August 7, 2007, MAKHLUF met with the UC in Pattaya, Thailand, and discussed the 20,000 tablet shipment, including that the tablets would purportedly be sold in New York City in packages of 1,000 tablets.

d. On or about August 23, 2007, MAKHLUF met with the UC in Bangkok, Thailand, and discussed the 20,000 tablet shipment, including that the UC would have to pay MAKHLUF a $10,000 deposit before the tablets would be delivered.

e. On or about September 25, 2007, MAKHLUF engaged in a telephone conversation with the UC in which MAKHLUF instructed the UC to deposit the $10,000 into two bank accounts under MAKHLUF's control.

f. On or about December 4, 2007, in Bangkok, Thailand, MAKHLUF and other co-conspirators not named as defendants herein distributed approximately 23,000 MDMA tablets to the UC.

(Title 21, United States Code, Section 963.)

COUNT TWO

The Grand Jury further charges:

4. On or about November 30, 2006, in Bangkok, Thailand, ALON MAKHLUF, a/k/a "Yigal Makhluf," a/k/a "Allen Makhluf," a/k/a "Yigal Makhulf," a/k/a "Alon Makhulf," a/k/a "Allen Makhulf," the defendant, distributed a controlled substance, to wit, 3,4-Methylenedioxy-methamphetamine (commonly known as "MDMA" or "Ecstasy"), and aided and abetted such distribution, intending and knowing that such substance would be

unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States.

(Title 21 United States Code, Sections 959(a) and (c), 960(a)(3) & 960(b)(3) and Title 18, United States Code, Section 2).

## COUNT THREE

The Grand Jury further charges:

5. On or about December 4, 2007, in Bangkok, Thailand, ALON MAKHLUF, a/k/a "Yigal Makhluf," a/k/a "Allen Makhluf," a/k/a "Yigal Makhulf," a/k/a "Alon Makhulf," a/k/a "Allen Makhulf," the defendant, distributed a controlled substance, to wit, 3,4-Methylenedioxy-methamphetamine (commonly known as "MDMA" or "Ecstasy"), and aided and abetted such distribution, intending and knowing that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States.

(Title 21 United States Code, Sections 959(a) and (c), 960(a)(3) & 960(b)(3) and Title 18, United States Code, Section 2).

## FORFEITURE ALLEGATION

6. As a result of committing the controlled substance offenses alleged in Counts One through Three of this Indictment, ALON MAKHLUF, a/k/a "Yigal Makhluf," a/k/a "Allen Makhluf," a/k/a "Yigal Makhulf," a/k/a "Alon Makhulf," a/k/a "Allen Makhulf," the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a

result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in this Indictment.

## Substitute Assets Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

FOREPERSON

MICHAEL J. GARCIA
United States Attorney

-5-

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v.-

ALON MAKHLUF,

a/k/a "Yigal Makhluf,"
a/k/a "Allen Makhluf,"
a/k/a "Yigal Makhulf,"
a/k/a "Alon Makhulf,"
a/k/a "Allen Makhulf,"

Defendant.

SUPERSEDING INDICTMENT

S1 07 Cr. 630

(21 U.S.C. §§ 963, 959)

MICHAEL J. GARCIA
United States Attorney

A TRUE BILL

*/s/*
Foreperson